**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| RICHARD ANTHONY MARIN (#20250211065), | ) ) ) | |
| Plaintiff, | ) ) | Case No. 25 C 4302 |
| v. | ) ) | Hon. Manish S. Shah |
| THE OFFICE OF THE COOK COUNTY PROSECUTOR, *et al.*, | ) ) ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff's application for leave to proceed *in forma pauperis* [3] is denied without prejudice because it is incomplete. By June 9, 2025, Plaintiff must submit a renewed IFP application (or pay the full $405 filing fee). If Plaintiff does not comply with this order by the deadline, this case will be summarily dismissed. Plaintiff must promptly submit a change-of-address notification if he is released or transferred to another facility. If he does not keep the Clerk informed of his correct address, this case will be subject to dismissal with no further warning. The Clerk shall send Plaintiff a blank IFP application, along with a copy of this order. The Clerk is further directed to send a copy of this order to the trust fund officer at the Cook County Jail; the Court certifies that Plaintiff has pending litigation in this district for which a Court-imposed deadline has been set. The Court defers its review of Plaintiff's complaint [1] and motion for attorney representation [4] until he resolves his fee status.

**STATEMENT**

Plaintiff Richard Anthony Marin, a detainee at the Cook County Jail, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, in connection with his February 11, 2025, arrest. Plaintiff's application to proceed *in forma pauperis* (Dkt. 3) is before the Court.

The Prison Litigation Reform Act requires all prisoners to pay the full filing fee for each civil case or appeal they initiate. *See* 28 U.S.C. § 1915(b)(1). If an inmate cannot pay the full $405 district court filing fee upfront, he may submit a sworn IFP application (in other words, a request for permission to pay the fee over time with monthly installments taken from his trust fund account), along with a certified trust

fund account statement covering the six months preceding Plaintiff's submission of the complaint. 28 U.S.C. § 1915(a)(2), (b)(1)-(2).

Plaintiff's IFP application is incomplete because it has not been certified by a jail official, and does not include trust fund information for the six-month period preceding the filing of this suit (or, from about October 2024, to April 2025).

Plaintiff points out that "[n]o authorized officer has been willing to sign in the weeks since [he] [has] requested so[.]" (See Dkt. 3 at pg. 2.) To assist Plaintiff in obtaining the information necessary to complete the application, the Court instructs the Clerk to send a copy of this order to the trust fund officer at the Cook County Jail. The Court certifies that Plaintiff has pending litigation in this district for which a court-imposed deadline has been set.

Accordingly, Plaintiff's application to proceed IFP is denied without prejudice because it is incomplete. If Plaintiff wishes to proceed further with this lawsuit, he must submit a complete renewed IFP application in accordance with this order.

Any renewed IFP application must be certified by a jail official and include trust fund information for the six month period preceding the filing of the lawsuit (or, from about October 2024, to April 2025). If Plaintiff was *not* incarcerated for the full look-back period (which seems to be the case here given Plaintiff's allegations in the complaint concerning a February 2025 arrest), he must provide certified trust fund information for the period he was incarcerated (and then disclose at question no. 2 how he was supporting himself before his incarceration).

Alternatively, Plaintiff may pre-pay the $405 filing fee.

When submitting any further application, Plaintiff should be aware that, by signing an IFP application, he declares under penalty of perjury that the information provided about his finances is true and correct. Consequently, Plaintiff should ensure that his answers to questions on any renewed application are complete, truthful, and accurate or risk dismissal of this action with prejudice. *See* 28 U.S.C. § 1915(e)(2)(A); *Lofton v. SP Plus Corp.*, 578 F.App'x 603, 604 (7th Cir. 2014) (collecting cases upholding dismissals with prejudice for plaintiffs' failures to disclose assets on *in forma pauperis* application).

The Clerk will provide Plaintiff with a blank IFP application. Failure to comply with this order by the date set forth above will result in summary dismissal of this lawsuit.

ENTER:

Date: May 5, 2025

/s/ Manish S. Shah
Manish S. Shah
U.S. District Judge