**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

RICHARD ANTHONY MARIN (#20250211065),   )
   )
         Plaintiff,   )     Case No. 25 C 4302
   )
     v.   )     Hon. Manish S. Shah
   )
THE OFFICE OF THE COOK COUNTY   )
PROSECUTOR, et al.,   )
   )
         Defendants.   )

## ORDER

Plaintiff's renewed application for leave to proceed *in forma pauperis* [8] is granted. The Court orders the trust fund officer at Plaintiff's place of incarceration to immediately deduct $30 from Plaintiff's account for payment to the Clerk of Court as an initial partial payment of the filing fee and to continue making monthly deductions in accordance with this order. The Court directs the Clerk of Court to send a copy of this order to the inmate trust account office at the Cook County Jail and to the Court's Fiscal Department. Plaintiff's complaint [1] is dismissed without prejudice for failure to state a claim. If Plaintiff wants to proceed with this lawsuit, he must submit an amended complaint that states a viable federal claim against a proper defendant. Failure to submit an amended complaint by August 18, 2025, will result in dismissal of this lawsuit with prejudice for failure to state a claim. Plaintiff's motion for attorney representation [4] is denied. Plaintiff is advised that he must promptly submit a change-of address notification if he is transferred to another facility or released. Failure to do so may lead to dismissal of this action for want of prosecution. The Clerk of Court is directed to send Plaintiff an amended complaint form, along with a copy of this order.

## STATEMENT

Plaintiff Richard Anthony Marin, an inmate at the Cook County Jail, brings this *pro se* civil rights action under 42 U.S.C. § 1983. Plaintiff alleges false arrest, among other possible claims. Before the Court are Plaintiff's renewed application for leave to proceed *in forma pauperis* (Dkt. 8), his complaint for initial review (Dkt. 1), and his motion for attorney representation (Dkt. 4).

Plaintiff has demonstrated that he cannot prepay the filing fee, and thus, his renewed application for leave to proceed *in forma pauperis* is granted. Pursuant to 28

U.S.C. § 1915(b), the Court orders: (1) Plaintiff to immediately pay (and the facility having custody of him to automatically remit) $30 to the Clerk of Court for payment of the initial partial filing fee and (2) Plaintiff to pay (and the facility having custody of him to automatically remit) to the Clerk of Court twenty percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350 filing fee is paid in full. The Court directs the trust fund officer to ensure that a copy of this order is mailed to each facility where Plaintiff is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and should clearly identify Plaintiff's name and the case number assigned to this case.

Plaintiff's complaint, however, must be dismissed. Under 28 U.S.C. § 1915A, the Court is required to screen prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Courts screen prisoners' complaints in the same manner they review motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). The statement also must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When screening a *pro se* plaintiff's complaint, courts construe the plaintiff's allegations liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam). Courts also must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff's favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

The complaint is difficult to follow. Plaintiff says that he is "suing multiple parties involved with the falsification of evidence, acceptance of false testimony, obstruction of justice, malicious prosecution, and defamation of character related to multiple criminal cases that have been charged against [him] and in contradiction to a large quantity of evidence to the contrary that [he] ha[s] provided as a journalist and witness to both the police and to the Civilian Office of Police Accountability." (Dkt. 1 at pg. 5.)

2

Plaintiff says that he was arrested on February 11, 2025, after meeting with CPD's Internal Affairs at a police station. (*Id.*) Plaintiff claims that the arrest was in retaliation for his success in having COPA open an investigation into police misconduct. (*Id.*)

Plaintiff says that CPD took his vehicle and he was first told they lost the vehicle and later that they destroyed it. (*Id.*)

Plaintiff claims that CPD officers refused to review his "documentation of claims and proving that they lied to [him] and provided falsified case information prior to arresting [him] for, and only for, legitimately contacting the authorities regarding an individual who [he] reasonably believed to be in danger." (*Id.*)

Plaintiff claims that he was charged with violations of statutes that are unconstitutional. (*Id.* at pg. 6.)

The remainder of Plaintiff's narrative is confusing, but Plaintiff also seems to be claiming that a private individual made false statements to the police at some point. (*Id.*) Plaintiff maintains that his rights to free speech, due process, "to be secure in and about [his] person," and to be free from unlawful searches and seizures have been violated. (*Id.*)

The complaint names the following as Defendants: the Office of the Cook County Prosecutor, Chicago Police Department, and Dr. Rebecca J. Nusbaum. (*Id.* at pg. 1.)

Plaintiff's complaint suffers from a number of flaws and cannot proceed.

First, the complaint does not comport with the basic notice-pleading requirements of Rule 8(a). As discussed above, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008). Although it is clear that Plaintiff is dissatisfied with his arrest and the subsequent imposition of criminal charges against him, he provides no clear factual information pertaining to what happened and who was involved. Overall, his allegations—which are not tied to any particular individual(s)—are confusing and difficult to follow and do not comply with the federal notice-pleading requirements.

Second, there are no allegations against any of the named Defendants in the body of the pleading. *See Black v. Lane*, 22 F.3d 1395, 1401 & n.8 (7th Cir. 1994)

3

("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."). Claims invoking § 1983 are based upon personal liability and predicated on fault of the defendant, *see Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012) (citations omitted); *Pepper v. Vill. of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). So it's important and necessary to describe what each defendant did to establish a claim against that defendant. The attorneys involved with Plaintiff's criminal prosecution are absolutely immune from lawsuits for damages arising from prosecutorial actions that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *see, e.g., Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (collecting cases). And the Chicago Police Department itself is not a suable entity. *See Gray v. City of Chicago*, 159 F. Supp. 2d 1086, 1089 (N.D. Ill. 2001) (explaining that police department does not have legal existence separate from municipality).

Plaintiff's vaguely worded allegations do not state a claim. To the extent he is attempting to assert a claim for false arrest, he has not done so. Plaintiff does not say what he was arrested for, nor does he set forth any relevant factual information regarding whether there was probable cause for his arrest. *See Abbott v. Sangamon County, Ill.*, 705 F.3d 706, 713–14 (7th Cir. 2013) ("The existence of probable cause to arrest is an absolute defense to any § 1983 claim . . . for false arrest[.]") (citation omitted)). As such, he fails to state a false arrest claim.

Plaintiff invokes "falsification of evidence," "obstruction of justice," "malicious prosecution," "defamation of character," violations of due process and free speech, etc.). But these conclusory statements and phrases, which are peppered throughout the instant pleading, do not state any claim(s). *See Iqbal*, 556 U.S. at 678 (explaining that plaintiff cannot rely on labels, unsupported conclusions, or conjecture to state a claim); *Twombly*, 550 U.S. at 570 (explaining that courts need not accept as true "abstract recitations of the elements of a cause of action or conclusory legal statements").

Plaintiff asks to have "the present case against [him] dropped[.]" (Dkt. 1 at pg. 7.) This Court will not interfere in Plaintiff's ongoing state court criminal proceedings. *See Cole v. St. Croix Cnty., Wisconsin*, No. 23-cv-312, 2023 WL 4010657, at *2 (W.D. Wis. May 16, 2023) ("Absent exceptional circumstances, a federal court must abstain from interfering with ongoing state-court proceedings that are judicial in nature, involve important state interests, and provide an adequate opportunity to raise the federal claims.") (citing *Younger v. Harris*, 401 U.S. 37, 43–44 (1971)). If Plaintiff is dissatisfied with certain aspects of his criminal proceedings (which may be the case here), he must pursue any available state court remedies with respect to those issues. *See Tibor v. Kane County, Ill.*, 485 F. App'x. 840, 841 (7th Cir. 2012) (unpublished)

("*Younger* requires parties to pending state cases to present their contentions, even constitutional ones, to the state judiciary, both trial and appellate.").

Accordingly, the Court dismisses Plaintiff's complaint (Dkt. 1) without prejudice for failure to state a claim. If Plaintiff wants to proceed with this lawsuit, he must submit an amended complaint that states a viable federal claim against a proper defendant. Any amended complaint must be submitted on the Court's required form. *See* Local Rule 81.1. Any amended complaint also must comport with Federal Rule of Civil Procedure 11; Rule 11 provides that by signing a pleading, a party represents to the Court that his claims are warranted by existing law and that the factual contentions have evidentiary support or likely will have evidentiary support after further investigation. Fed. R. Civ. P. 11(b). Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. Plaintiff is cautioned that an amended pleading replaces the original complaint and must stand on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint without reference to the original complaint. Any documents Plaintiff wants the Court to consider in its threshold review of the amended complaint also must be attached. Plaintiff is advised to keep a copy for his files.

The Clerk will provide Plaintiff with an amended civil rights complaint form, along with a copy of this order. Failure to submit an amended complaint by the date set forth above will result in dismissal of this lawsuit for failure to state a claim.

As a final matter, the Court denies Plaintiff's motion for attorney representation (Dkt. 4). "There is no right to court-appointed counsel in federal civil litigation," *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but the Court has discretion to request that an attorney represent an indigent litigant on a volunteer basis under 28 U.S.C. § 1915(e)(1). Plaintiff has attempted to obtain counsel in this matter and had no success. Nonetheless, the recruitment of counsel is not warranted at this time. This case is in its early stages and all that is required of Plaintiff is that he submit an amended complaint, in accordance with the guidance set forth in this order. Plaintiff reports that he is a college graduate. (Dkt. 4 at pg. 2.) He is able to manage the next steps in this case without the assistance of counsel. If the case gets to a stage that is too complicated for Plaintiff to manage, he may file another motion asking for court-recruited counsel.

ENTER:

Date: July 14, 2025

s/ Manish S. Shah
Manish S. Shah
U.S. District Judge

5