**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| RICHARD ANTHONY MARIN (#20250211065), | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 25 C 4302 |
| | ) | |
| v. | ) | Hon. Manish S. Shah |
| | ) | |
| THE OFFICE OF THE COOK COUNTY | ) | |
| STATE'S ATTORNEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff's amended complaint [21] is dismissed for failure to state a claim on which relief may be granted. The dismissal is without prejudice to Plaintiff pursuing whatever remedy he may have in the state courts. Enter judgment and terminate civil case.

**STATEMENT**

Plaintiff Richard Anthony Marin, an inmate at the Cook County Jail, brought this *pro se* civil rights action under 42 U.S.C. § 1983, in April 2025. The lawsuit seems to challenge Plaintiff's February 2025 arrest and subsequent prosecution. Before the Court is Plaintiff's amended complaint (Dkt. 21) for initial review.[1]

Under 28 U.S.C. § 1915A, the Court is required to screen prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Courts screen prisoners' complaints in the same manner they review motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

---

[1] The Court dismissed Plaintiff's original complaint without prejudice for failure to state a claim back on July 14, 2025. (Dkt. 9.) Rather than submit an amended pleading, Plaintiff appealed. The Seventh Circuit dismissed Plaintiff's appeal on February 20, 2026, based on Plaintiff's failure to pay the required docketing fee. (Dkt. 19.) Following the dismissal of the appeal, this Court granted Plaintiff an opportunity to submit an amended complaint. (Dkt. 20.) On March 12, 2026, Plaintiff submitted an amended complaint. (Dkt. 21.)

In his amended complaint, Plaintiff describes being arrested in February 2025 and charged in retaliation for his speech as a journalist and for trying to make a complaint about Dr. Rebecca Nusbaum's false testimony in a separate case, 23CR280201. (Dkt. 21 at 5.) Plaintiff says that his arrest and indictment were based on "fake claims," and he has been denied pretrial release. Plaintiff also complains about the state authorities' failure to notify federal authorities and seems to be suggesting a cover-up or retaliation related to Jeffrey Epstein and Ghislaine Maxwell.[2] (*Id.*)

The complaint names the following as Defendants: the Office of the State's Attorney, the Chicago Police Department, and Dr. Rebecca J. Nusbaum. (*Id.* at pg. 1.)

Plaintiff's amended complaint does not state a claim and cannot proceed. Plaintiff is dissatisfied with his arrest, the subsequent imposition of criminal charges against him, and his pretrial detention, but he provides no clear allegation about what happened, when, and who was involved in these events to put any defendant on notice as to how they were personally involved in a deprivation of Plaintiff's federal rights. As explained in the Court's prior order, the attorneys involved with Plaintiff's criminal prosecution are absolutely immune from lawsuits for damages arising from prosecutorial actions that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *see, e.g., Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (collecting cases). And the Chicago Police Department itself is not a suable entity. *See Gray v. City of Chicago*, 159 F. Supp. 2d 1086, 1089 (N.D. Ill. 2001) (explaining that police department does not have legal existence separate from municipality). With respect to Dr. Nusbaum, it remains unclear how she is alleged to have violated Plaintiff's constitutional rights under section 1983 (which requires state action and personal involvement). Further, although Plaintiff alleges that his case is predicated on false testimony, without an allegation providing some notice of the basis of his seizure, the complaint fails to

---

[2] Plaintiff initiated another case, *Marin v. Federal Bureau of Investigation*, Case No. 25C6465 (N.D. Ill.), in June 2025 (about two months after Plaintiff opened this case). The complaint in Case No. 25C6465, which was leveled against the FBI, alleged, among other things, that: the FBI maintains falsified information about Plaintiff in their files; he is a whistleblower and his rights have been violated; the FBI has made false reports about him to police in Pennsylvania and Illinois; he came to Chicago in 2023 to make a documentary film about a conspiracy he uncovered; and, that he has sought witness protection from certain "traffickers." (*See* Case No. 25C6465 at dkt. 2, summarizing allegations in Plaintiff's complaint.) In an order dated June 20, 2025, the Court dismissed the case as frivolous. (*See id.*) Plaintiff recently filed a letter (Dkt. 22) in this case, which seems to take issue with aspects of Case No. 25C6465 (and another lawsuit he filed in this district). This case is unrelated to Plaintiff's other cases in this Court. If Plaintiff seeks some form of relief in his other cases, he should seek that relief in those cases (not this one).

allege the absence of probable cause. The allegation that he was indicted on charges of making spurious allegations, Dkt. 21 at 5, does not provide enough information to understand his claim. Plaintiff's resort to general legal conclusions, such as free speech, double jeopardy, retaliation, and excessive bail (*see* Dkt. 21 at pgs. 5-6.), are not sufficient to state any claim(s). A complaint cannot rely on labels, unsupported conclusions, or conjecture to state a claim.

Finally, as the Court explained in its prior order, it will not interfere in Plaintiff's ongoing state court criminal proceedings.[3] *See Cole v. St. Croix Cnty., Wisconsin*, No. 23-cv-312, 2023 WL 4010657, at *2 (W.D. Wis. May 16, 2023) ("Absent exceptional circumstances, a federal court must abstain from interfering with ongoing state-court proceedings that are judicial in nature, involve important state interests, and provide an adequate opportunity to raise the federal claims.") (citing *Younger v. Harris*, 401 U.S. 37, 43–44 (1971)). Plaintiff must pursue any available state court remedies to challenge his pending state case. *See Tibor v. Kane County, Ill.*, 485 Fed. App'x. 840, 841 (7th Cir. 2012) (unpublished) ("*Younger* requires parties to pending state cases to present their contentions, even constitutional ones, to the state judiciary, both trial and appellate.").

Accordingly, the Court dismisses the amended complaint (Dkt. 21) for failure to state a claim. Given the nature of Plaintiff's allegations, and that he has already been given an opportunity to amend his complaint, the Court finds that any further amendment would be futile. The dismissal is without prejudice to Plaintiff pursuing whatever remedy he may have in the state courts. Enter judgment and terminate civil case.

If Plaintiff wants to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). If he appeals, he must pay the $605.00 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* in this Court stating the issues he intends to present on appeal. *See* Fed. R. App. P. 24(a)(1).

ENTER:

Date: April 1, 2026

/s/ Manish S. Shah
Manish S. Shah
U.S. District Judge

---

[3] In the relief portion of the amended complaint, Plaintiff specifically asks for "federal intervention" among other things. (*See* Dkt. 21 at pg. 7.)

3